UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMEN SMILEY,<br><br>   Plaintiff,<br><br>v.<br><br>HOLOGIC, INC.,<br><br>   Defendant. | Case No.:  16cv158-WQH-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO CERTAIN INTERROGATORIES AND REQUESTS FOR PRODUCTION**<br><br>**[ECF NO. 27]** |

Before the Court is the Joint Motion of the parties reflecting Defendant's Motion to Compel further responses to certain interrogatories and requests for production filed on September 9, 2016.  (ECF No. 27).

<u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery of "any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." *Id.* at 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. *Id.* at 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. *Id.* at 34(b)(2)(C). An objection to part of a request must specify

the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." *Id.* at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## DISCUSSION

According to Defendant, there is a "true dispute" regarding Interrogatories 1, 2, 4, and 10. (ECF No. 27 at 4 (the Court will refer to ECF pagination throughout)). Regarding Interrogatories 7 and 8 and Requests for Production 16-19, Defendant offers that it seeks relief because Plaintiff has agreed to supplement those responses but has not done so. (*Id.*). Each of the challenged responses will be addressed below.

<u>Interrogatories 1 and 2</u>

The Court finds that the issues pertaining to these interrogatories are similar enough to be addressed together. Interrogatory 1 seeks the total amount of income, benefits and earning capacity lost to Plaintiff as a result of the termination of her employment by Defendant to date and how the amount was calculated. Interrogatory 2 seeks identical information regarding Plaintiff's claims of future losses.

Plaintiff's original responses were identical:

> Projected past and future losses of $587,612.38 in salary, prescriptions, and insurance premiums. This was calculated by taking [Plaintiff's] salary and including a 2% annual increase, her annual bonus, and employee stock options. Additionally, [Plaintiff] was supposed to receive a bonus from [Defendant] in November 2015, but did not receive

> that bonus as she was terminated prior to November. [Plaintiff] was further entitled to five paid weeks of vacation per year, seven days paid sick time, one personal holiday, and ten paid holidays.

(ECF No. 27 at 4, 5-6). Perhaps recognizing the non-responsiveness of these answers, or because of the meet and confer efforts, Plaintiff produced a document, identified as KS-0128, providing additional detail regarding her claimed losses. (ECF No. 27-2 at 3).

Defendant remains unsatisfied with these responses asserting that Plaintiff should be required to state whether her claim for lost benefits is limited to those presented in KS-0128 and that Plaintiff must provide a more detailed response regarding how she calculated the lost benefits. Defendant asserts that the current responses have not been answered "fully in writing" as required by Rule 33(b)(3), Fed. R. Civ. P.

The Court finds that with the additional of KS-0128, Plaintiff has responded adequately to Interrogatories 1 and 2. Defendant easily can determine the claims of lost benefits to date and future benefits. And, although the ultimate decision on this issue would be by the trial judge, this Court finds that Plaintiff would be hard-pressed to assert additional lost benefits, beyond those claimed in the response, including KS-0128, at any trial of this action. The motion to compel further responses to Interrogatories

1 and 2 is **DENIED.**

Interrogatory 4

This interrogatory requires Plaintiff to state the cost of any benefit, defined as any benefit from an employer including any welfare benefit or pension benefit plan, she has had to purchase to replace any benefit to which she would have been entitled but for the termination. Plaintiff responded by listing benefits she apparently received as an employee but does not identify whether she has purchased replacement benefits and, if so, the cost of those purchases. Plaintiff asserts that she has not yet calculated those costs.

Plaintiff's response is inadequate and her objections are OVERRULED. Plaintiff must respond fully.

Interrogatories 7 and 8

These interrogatories present similar issues and will be addressed together. For any consultation, examination or treatment from any health care provider for any injury Plaintiff attributes to her termination, Interrogatory 7 calls for Plaintiff to identify the provider, the type of treatment provided, the dates of treatment and charges. Interrogatory 8 requires similar information regarding any medications taken as a result of injuries Plaintiff attributes to her termination. (ECF No. 27 at 8, 10).

In response to Interrogatory 7, Plaintiff identified two providers, a primary care physician and a mental health care provider. For the primary care physician, Plaintiff failed to identify the type of consultation, examination or treatment provided, failed to provide the dates of treatment (saying only that that she has seen the doctor "periodically since termination") and failed to state the costs of treatment (stating that she is in the process of obtaining her medical records and will supplement on receipt). For the mental health provider, Plaintiff identified the provider but failed to identify the type of consultation, examination or treatment provided. Plaintiff disclosed that she started seeing this provider in early June 2016 and is seeing her biweekly since. As with Interrogatory 7, Plaintiff did not disclose the costs of treatment, asserting that she will supplement her response upon receipt of her medical records.

In response to Interrogatory 8, Plaintiff identified medications and the provider but failed to state the date the medications were prescribed or furnished and the date she started taking the medications. She did disclose that she is still taking the medications and disclosed her estimate of the costs of the medications.

The Court finds that Plaintiff's responses were deficient as follows:

1. In response to Interrogatory 7, Plaintiff must supplement her answers to include the type of consultation, examination or treatment provided by each provider, must supplement her response regarding dates of treatment by her primary care physician and must provide the cost of treatment for each provider.

2. In response to Interrogatory 8, Plaintiff must supplement her answer to provide the date that each medication was prescribed or furnished and the date she started taking each medication.

Interrogatory 10

Regarding any other damages, this interrogatory requires Plaintiff to state the nature of the damage, the date it occurred, the amount and witnesses. In response, Plaintiff identified "civil damages; humiliation; emotional distress and upset; punitive damages for malicious termination" starting on the date of termination, in an unknown amount "to be determined at trial," and identified Plaintiff's health care providers, herself, her husband and her son as witnesses. (ECF No. 27 at 11-12). Defendant asserts that this response provides no useful information and contends that Plaintiff should be required to provide a response presenting each item of damage in a meaningful way.

The Court finds Plaintiff's response mostly to be adequate. Plaintiff responded in the format identified by Defendant in the interrogatory. While it is true that "civil damages" is meaningless, Plaintiff is entitled, absent a contrary order of the trial judge, to seek damages for emotional distress. Plaintiff also may be entitled to seek punitive damages for wrongful termination. The real question is whether Plaintiff must disclose the amounts of these damages that she seeks.

Rule 26(a)(1)(A)(iii), Fed. R. Civ. P., requires a party, as part of its initial disclosures and without awaiting a discovery request, to disclose:

> A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

A literal reading of the rule suggests that Plaintiff must provide a computation of her damages and any documents supporting the computation. If only it were so easy.

Courts have split on the question of whether emotional distress damages must be disclosed under Rule 26(a)(1)(A)(iii) or, "'because of their vague and unspecific nature, are oftentimes not readily amenable to computation.'" *Compare First v. Kia of El Cajon,* No. 10-cv-536-DMS-BGS,

2010 WL 3069215 *1 (S.D. Cal. Aug. 4, 2010) citing *Creswell v. HCAL Corp.,* No. 04cv388 BTM (RBB), 2007 WL 628036 *2 (S.D. Cal. Feb. 12, 2007) *with Dixon v. Bankhead,* No. 4:00cv344-WS, 2000 WL 33175440 *1 (N.D. Fla. Dec. 20, 2000). Other courts have found that based upon Plaintiff's representation that she will not suggest a specific amount of money for these damages, no computation need be provided. *See Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 470 (N.D. Tex. 2005).

This Court will follow the lead provided in *Sandoval v. American Building Maintenance Industries, Inc.,* 267 F.R.D. 257, 282 (D. Minn. 2007), and require Plaintiff to disclose its computation of emotional distress damages to Defendant only if Plaintiff intends to suggest a specific amount of such damages to the jury. This Court finds that there is no reason not to consider the request for punitive damages for wrongful termination in the same manner.

As in *Sandoval,* this Court also will not allow Plaintiff to wait until the eve of trial to provide Defendant with her computations of emotional distress and punitive damages. "[I]t would be unfair to [Defendant] if [Plaintiff] could submit a specific dollar amount for damages to the jury without [Defendant] having the opportunity to discover the basis for the claim and the opportunity

before trial to rebut that claim." *Sandoval v. American Building Maintenance Industries, Inc.,* 267 F.R.D. at 282.

Accordingly, Plaintiff must state unequivocally to Defendant, no later than September 30, 2016, whether she will suggest a specific number to the jury for emotional distress and punitive damages and, if so, simultaneously disclose the number(s) and disclose the basis and evidentiary support for the numbers to Defendant.  If Plaintiff does choose this path, Defendant may promptly seek leave of court to obtain limited additional discovery regarding the disclosures.

<u>Requests for Production 16-19</u>

These requests present similar issues and will be addressed together.  Essentially, Defendant requires Plaintiff to produce her medical records in support of her claims of economic and non-economic losses.  Plaintiff presented boilerplate objections which are OVERRULED and agreed to produce Plaintiff's medical records.  Defendant seeks an order providing Plaintiff with a deadline for production.

This should not be necessary.  As amended in December 2015, Rule 34(b)(2)(B), Fed. R. Civ. P., requires a responding party to produce documents requested no later than the due date of the response or "another reasonable

time specified in the response." *Id.* Having failed to comply with the rule by providing a reasonable date by which the documents would be produced, Plaintiff must provide the responsive documents no later than September 30, 2016.

## CONCLUSION AND ORDER

Plaintiff is **ORDERED**:

1. To supplement her responses to Interrogatories 4, 7 and 8, as required herein, no later than September 30, 2016.

2. To provide the medical records responsive to Requests for Production 16-19 no later than September 30, 2016.

3. Regarding Interrogatory 10, Plaintiff is to state unequivocally to Defendant, no later than September 30, 2016, whether she will suggest a specific number to the jury for emotional distress and punitive damages and, if so, simultaneously disclose the number(s) and disclose the basis and evidentiary support for the numbers to Defendant. If Plaintiff does choose this path, Defendant may promptly seek leave of court to obtain limited additional discovery regarding the disclosures.

1       Each party's motion for sanctions is **DENIED.**

2       **IT IS SO ORDERED:**

4 Dated:   September 16, 2016

                                                  Hon. Mitchell D. Dembin
                                                  United States Magistrate Judge

12

16cv158-WQH-MDD