UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMEN SMILEY,<br><br>                              Plaintiff,<br><br>v.<br><br>HOLOGIC, INC.,<br><br>                              Defendant. | Case No.: 16cv158-WQH-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT JAMES SEVEL**<br><br>**[ECF NO. 28]** |

Before the Court is Defendant's Motion to Strike Plaintiff's Expert James Sevel, filed on September 9, 2016. (ECF No. 28). Plaintiff responded in opposition on September 21, 2016. (ECF No. 31).

BACKGROUND

As required by the operative Scheduling Order, Plaintiff provided her expert disclosures to Defendant on August 5, 2016. Included in the disclosures was information regarding potential expert witness James Sevel.

1    Plaintiff disclosed the following regarding Mr. Sevel:

> James Sevel is a computer forensics expert.  Mr. Sevel is expected to testify regarding availability of data to Hologic, in contrast with the data actually produced by Hologic in this matter.  He may offer testimony concerning the computer hardware and software systems used at Hologic during Karmen Smiley's tenure.  Mr. Sevel may also be asked to provide computer forensic evaluations of the Hologic information systems should same be deemed necessary and appropriate.  Mr. Sevel does not have a report to submit in connection with Rule 26.  Hologic's ultimate compliance with Ms. Smiley's discovery requests, which is not yet to conclusion, will in part be determinative on whether Mr. Sevel will testify at the trial or not.  In the current absence of sufficient information available from Hologic, Mr. Sevel's potential opinions are still to be determined.  Mr. Sevel's curriculum vitae is attached.

*See* Exhibit A, ¶ 3, to Declaration of Christopher W. Todd.  (ECF No. 31-1 at 7-8).

Defendant contends that Plaintiff failed to provide a written report in connection with the disclosure of Mr. Sevel as required by Rule 26(a)(2)(B), Fed. R. Civ.P., and, as a consequence, the designation of Mr. Sevel must be struck.  (ECF No. 28-1 at 2-4).  Defendant also challenges the admissibility of any testimony by Mr. Sevel under Rule 702, Fed. R. Ev.  Plaintiff's response is that it is unlikely that Mr. Sevel will testify at trial so that an expert report is not required.  (ECF No. 31 at 2-3).

## LEGAL STANDARD

Rule 26(a)(2), Fed. R. Civ. P., governs expert disclosures.  Rule 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use **at trial** to present [expert testimony]." (emphasis added).  Rule 26(a)(2)(B) provides that "**this disclosure** must be

2

accompanied by an expert report . . . if the witness is one retained or specially employed to provide expert testimony **in the case**." (emphasis added).

Rule 1, Fed. R. Civ. P. provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."

## DISCUSSION

Although not addressed by either party – Plaintiff offered no legal support for her position and Defendant assumed that an expert report was required by Rule 26(a)(2)(B) – this motion highlights what one court has described as a "loophole" in the expert disclosure rules. *See Perea v. Conner, et al.,* No. CIV-13-00697-KG-LAM, 2015 WL 11111312 *3 (D. N.M. March 23, 2015). Witnesses are required to provide an expert report under Rule 26(a)(2)(B) only if their identities are required to be disclosed under Rule 26(a)(2)(A). That is, only expert witnesses who may testify at trial must be identified and provide reports. *Id. at *2 (*no disclosure required for expert witnesses for *Daubert* proceedings)*; In re Regions Morgan Keegan Securities Litigation,* No. 09-md-2009MaV, 2012 WL 12840260 *3 (W. D. Tenn. Jan. 4, 2012) (no disclosure required for expert witnesses for class action fairness hearings); *Arble v. State Farm Mutual Ins. Co.,* 272 F.R.D. 604, 605-06 (D. N.M. 2011) (*Daubert* hearings). In *South Yuba River Citizens League v. National Marine Fisheries Service,* 257 F.R.D. 607, 610-11 (E.D. Cal. 2009), although the court agreed that the expert disclosures apply only to witnesses intended to be used at trial, it found that courts had extended the disclosure rules to summary judgment proceedings and assumed, without deciding, that the disclosure rules also applied to preliminary injunction proceedings

because in both instances the expert "has entered the judicial arena." *Id.* at 611 (citations omitted).

Applying the plain language of the Rule to this case, and in accord with the cases cited above, this Court finds that to the extent Plaintiff does not intend to use Mr. Sevel as a witness at trial or in connection with summary judgment proceedings, Plaintiff was under no obligation to disclose Mr. Sevel as an expert witness, nor, having disclosed his identity, provide his expert report to Defendant.  To the extent that Plaintiff did intend to have Mr. Sevel testify at trial or in connection with summary judgment proceedings, the Court finds that Plaintiff has violated the expert disclosure requirements of Rule 26(a)(2) and precludes Mr. Sevel's testimony, including by declaration, at trial or in connection with summary judgment proceedings under Rule 37(c)(1).

Plaintiff suggests that she may use Mr. Sevel as an expert witness at some future motion hearing regarding the adequacy of Defendant's discovery responses and productions.  (ECF No. 31 at 2-3).  This Court's ruling will not preclude Plaintiff from offering his testimony in that regard.  The question of the admissibility of his testimony under Rule 702, Fed. R. Ev., however, is premature and speculative and, in any event, is for the trial judge at the appropriate time.

That said, the Court is mindful of its responsibilities under Rule 1, Fed. R. Civ. P.  In *Perea* and in *Arble*, each court addressed the unfairness of allowing experts not covered by the disclosure rules to testify without providing some relief to the opposing party. *Perea v. Connor,* 2015 WL 11111312 *3; *Arble v. State Farm Mutual Ins. Co.,* 272 F.R.D. at 606-07. Accordingly, although discovery closes on September 23, 2016, Defendant is

granted leave to depose Mr. Sevel until October 28, 2016.  Regardless of whether Defendant deposes Mr. Sevel during this time frame, it may seek additional relief from the trial judge in the event Plaintiff proffers Mr. Sevel as a witness in connection with other pretrial proceedings.

## CONCLUSION

Defendant's motion to strike the designation of James Sevel is **GRANTED IN PART AND DENIED IN PART**.  The Court **DENIES** the motion to strike the designation but **ORDERS** that Mr. Sevel is precluded from testifying or supplying evidence at trial or in connection with any summary judgment motion or response.  Further, the Court **ORDERS** that the discovery deadline is extended to October 28, 2016, for the sole purpose of permitting Defendant the opportunity to depose Mr. Sevel.  Finally, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion to exclude Mr. Sevel's testimony under Rule 702, Fed. R. Ev., as premature.  Defendant may refile its motion in the event that Mr. Sevel is proffered as a witness in connection with any other pretrial motion or response.

**IT IS SO ORDERED.**

Dated: September 22, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge