# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMEN SMILEY,<br><br>                  Plaintiff,<br><br>v.<br><br>HOLOGIC, INC.,<br><br>                  Defendant. | Case No.: 16-cv-0158-WQH-MDD<br><br>**ORDER ON JOINT MOTION TO EXTEND DEADLINE TO ADDRESS DISCOVERY DISPUTE REGARDING SUPPLEMENTAL RESPONSES**<br><br>**[ECF NO. 67]** |

Before the Court is the Joint Motion to Extend the Deadline to Address Discovery Dispute Re: Supplemental Discovery Responses filed on August 1, 2017. (ECF No. 67). The Joint Motion is **GRANTED IN PART** as provided below.

## LEGAL STANDARD

Rule 26(e)(1)(A), Fed. R. Civ. P., governs supplementation of disclosures and responses. It provides:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing….

Should a party fail to timely supplement a disclosure or response, Rule 37(c)(1), Fed. R. Civ. P., provides the available remedies, as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Additional sanctions also are available for failing timely to supplement a disclosure or response. *See* Rule 37(c)(1)(A)-(C).

## DISCUSSION

Discovery in this case closed on September 1, 2016. (ECF No. 10 ¶ 3). The time to bring before the Court any disputes regarding the adequacy of discovery responses is long past. According to the Joint Motion, Plaintiff has provided Defendant with a number of supplemental responses and Defendant has requested that Plaintiff provide further supplemental responses to previously served discovery. *See Joint Motion* at 2 (ECF No. 67 at 2). The parties appear to be meeting and conferring regarding the supplemental responses but seek leave of Court to bring any disputes regarding supplemental responses before the Court no later than September 15, 2017. *Id.* at 2-3.

Supplemental responses or disclosures are a one-way street: the burden is placed upon the producing party to supplement responses or disclosures in a timely manner upon finding that their initial responses or disclosures are materially incomplete or inaccurate. *See* Rule 26(e)(1)(A). The receiving party cannot compel supplemental disclosures or responses nor is there a procedural vehicle for the receiving party to challenge the sufficiency of a supplemental disclosure. The receiving party is limited to challenging supplemental disclosures or responses as untimely. *See* Rule 37(c)(1). The producing party carries the burden of convincing the Court that the supplemental disclosures or responses are timely and, if not, the untimeliness is substantially justified or harmless. *Id.*

The sufficiency of a supplemental response or disclosure only comes into play if a party seeks to introduce evidence that the other party claims was not previously disclosed in response to or in a supplement to a previous discovery request. That is a matter for the district court to determine in considering whether that evidence must be excluded under Rule 37(c)(1).

## CONCLUSION

The Joint Motion is **GRANTED IN PART**. The parties may bring before this Court any disputes regarding the timeliness of supplemental disclosures or responses within thirty (30) days of the service of the supplemental disclosures or responses.

**IT IS SO ORDERED.**

Dated: August 2, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge