UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMEN SMILEY,<br><br>                      Plaintiff,<br>v.<br><br>HOLOGIC, INC.,<br><br>                      Defendant. | Case No.: 16-cv-0158-WQH-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DETERMINE TIMELINESS OF PLAINTIFF'S SUPPLEMENTAL DISCOVERY RESPONSES**<br><br>**[ECF NO. 73]** |

Before the Court is Defendant's Motion to Exclude Plaintiff's Supplemental Discovery Responses as Untimely filed on August 31, 2017. (ECF No. 73). Plaintiff responded in opposition on September 13, 2017. (ECF No. 76). Defendant replied on September 22, 2017. (ECF No. 77). Defendant's motion is **GRANTED**, as provided below.

<u>LEGAL STANDARD</u>

Rule 26(e)(1)(A), Fed. R. Civ. P., governs supplementation of disclosures

1

and responses. It provides:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing….

Should a party fail to timely supplement a disclosure or response, Rule 37(c)(1), Fed. R. Civ. P., provides the available remedies, as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Additional and alternative sanctions also are available, on motion with opportunity to be heard, for failing timely to supplement a disclosure or response. *See* Rule 37(c)(1)(A)-(C).

## DISCUSSION

Discovery in this case closed on September 1, 2016. (ECF No. 10 ¶ 3). In an earlier motion regarding supplementation of discovery responses, in which Defendant sought permission to bring to the Court disputes regarding the adequacy of Plaintiff's supplements, the Court stated:

> Supplemental responses or disclosures are a one-way street: the burden is placed upon the producing party to supplement responses or disclosures in a timely manner upon finding that their initial responses or disclosures are materially incomplete or inaccurate. *See* Rule 26(e)(1)(A). The receiving party cannot compel supplemental

2

> disclosures or responses nor is there a procedural vehicle for the receiving party to challenge the sufficiency of a supplemental disclosure. The receiving party is limited to challenging supplemental disclosures or responses as untimely. *See* Rule 37(c)(1). The producing party carries the burden of convincing the Court that the supplemental disclosures or responses are timely and, if not, the untimeliness is substantially justified or harmless. *Id.*

(ECF No. 68 at 3). The Court also explained that:

> The sufficiency of a supplemental response or disclosure only comes into play if a party seeks to introduce evidence that the other party claims was not previously disclosed in response to or in a supplement to a previous discovery request. That is a matter for the district court to determine in considering whether that evidence must be excluded under Rule 37(c)(1).

(*Id.*). In that same Order, the Court authorized Defendant to bring before the Court a motion regarding the timeliness of any supplemental disclosures or responses by Plaintiff. (*Id.*). This motion followed.

This is a case of wrongful termination of employment. (*See* ECF No. 1). Among other things, Plaintiff claims as damages lost wages and benefits. (ECF No. 1-2 at 8). Defendant has claimed as an affirmative defense that Plaintiff failed to mitigate her damages. (ECF No. 2 at 2). This supplemental discovery dispute relates to evidence disclosed by Plaintiff on June 30, 2017, disclosing mitigation efforts by Plaintiff from September 27, 2016 through May 31, 2017, and that Plaintiff received disability benefits during the period of time that she also is claiming lost wages. (ECF No. 73 at 3). Defendant seeks exclusion of this evidence as untimely. In a separate motion pending before the district court, Defendant has moved to strike certain damages evidence by Plaintiff and, in the alternative, seeks

3

permission to add a vocational expert based upon these supplemental responses. (ECF No. 72).

Plaintiff's response was not helpful. Plaintiff complains that she has produced more evidence than Defendant, a matter entirely irrelevant to the instant dispute. (ECF No. 76 at 2). Plaintiff also seems to misunderstand the rule requiring supplementation of discovery responses. Plaintiff appears to be asserting that because her responses were accurate at the time she signed them, on May 27, 2016, and remained so through the close of discovery on September 1, 2016, there is no duty to supplement because they were not incomplete or inaccurate at the time. (*Id.* at 3). Plaintiff asserts that Defendant's challenge to the timeliness of the supplements is "nonsense." (*Id.*).

To correct Plaintiff's counsel's misunderstanding of the law, the duty to supplement arises when counsel becomes aware that a previous response has become incomplete or inaccurate, not that it was so at the time the response was signed. *See Harper v. City of Dallas,* No. 3:14-cv-2647-M, 2017 WL 3674830 *16, (N.D. Tex. Aug. 25, 2017) ("[T]he court notes that …`[u]nder Rule 26(e), parties have an ongoing obligation to continuously supplement their discovery responses. That obligation is in no way limited by the discovery deadlines imposed by the Court's Scheduling Order pursuant to Rule 16.'" *quoting United States v. State of La.*, No. CV 11-470-JWD-RLB, 2015 WL 5595630, at *1 (M.D. La. Sept. 21, 2015)). *See also Commentary to Rule 26(e)* (1993). And, rather than being "nonsense," Defendant's claim that the supplements were not timely is well-founded. Although counsel need not make a supplemental disclosure whenever new information becomes known to counsel or the client, the disclosures must be "timely." Here, Plaintiff has

4

done nothing to explain why counsel waited until June 30, 2017, nine months after the close of discovery, to provide supplements.

Plaintiff has offered nothing in the way of substantial justification or harmlessness, suggesting that Defendant may seek to exclude this evidence *in limine.* (ECF No. 76 at 3). Instead, Plaintiff refers to Defendant's motion brought pursuant to Rule 26(e) as "meaningless paper-pushing." (*Id.* at 3-4). The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts...." Fed. R. Civ. P. 1. This Court will administer the Rules, consistent with its duty under Rule 1, notwithstanding counsel for Plaintiff's apparent disdain for them.

The Court finds that Plaintiff has provided no basis for the Court to conclude that the supplements were timely. The Court finds they were not. Further, Plaintiff offers nothing by way of substantial justification for the timing of the supplements and no basis for the Court to conclude that the supplements are harmless. The Court finds credible Defendant's assertions of harm in terms of trial preparation and the inability to obtain further discovery to challenge the information supplied nine months after the close of discovery.

Trial is scheduled for January 3, 2018, some 3.5 months from now. If there had been any justification offered by Plaintiff for the delay in producing this information, the Court likely would have denied Defendant's motion and allowed for some limited additional discovery. The Court cannot, in good conscience, on this record, countenance Plaintiff's conduct. Having found the supplements to be untimely, unjustified and not harmless, the question is the extent of the sanction to be imposed.

Although the Court recognizes that it has the discretion to impose

alternative and additional sanctions, upon motion and opportunity to be heard, the Court finds it appropriate to follow the direction of Rule 37(c)(1): The supplemental responses provided by Plaintiff on June 30, 2017, may not be used by Plaintiff to supply evidence on a motion, at a hearing, or at trial in this case.

## CONCLUSION

Defendant's Motion to Determine Timeliness of Plaintiff's Supplemental Discovery is **GRANTED**. Plaintiff's supplemental responses are untimely and the delay is not substantially justified. The late production is not harmless. Accordingly, under Rule 37(c)(1), the supplemental responses provided by Plaintiff on June 30, 2017, may not be used by Plaintiff to supply evidence on a motion, at a hearing, or at trial in this case.

**IT IS SO ORDERED.**

Dated: September 25, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge